UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: THE MATTER OF SPECIALTY                CIVIL ACTION

MARINE SERVICES, INC., AND                    NO. 13-6379

CREOLE CHIEF, INC.                            SECTION "F"

ORDER AND REASONS

Before the Court is a motion for summary judgment by the petitioners-in-limitation, REC Marine Logistics, LLC, and REC Boats, LLC, to dismiss all of the allegations of the claimant-in-limitation, Gerald Prejeant, against them. For the reasons that follow, the motion for summary judgment is GRANTED IN PART and DENIED IN PART.

Background

This is a maritime tort case. In May 2013, Mr. Prejeant was working as a deckhand onboard M/V RAZORBACK, a push boat. Another vessel, M/V DARI LYNN, had six barges in its tow in the Mississippi River awaiting its turn to enter the Harvey Locks to access the Harvey Canal. Due to the size restraints of the Harvey Locks, the six-barge tow needed to be broken down into two smaller tows composed of three barges each. The owner of the barges engaged the RAZORBACK to break down the six-barge tow into two three packs and then take one of the three packs through the Harvey Locks. Prejeant was assigned to help with the transfer of those three barges from the DARI LYNN. In the process of transferring the

1

barges to the RAZORBACK, the barges came loose and were taken by the current towards the bank of the Mississippi River bordering New Orleans.  The details surrounding the breakaway are disputed.  The captain of the RAZORBACK attempted to get control over the barges and ended up ramming them.

As the result of the collision and a later sudden rush of water, Prejeant fell twice, injuring himself.  With respect to his first fall, Prejeant testified that he was working on the forward upper deck of the RAZORBACK when, pursuant to instructions from the RAZORBACK captain or a more senior deckhand, he went down the exterior stairs to retrieve a bigger rope.  While going down the stairs, Prejeant testified that the RAZORBACK unexpectedly rammed one of the barges and that this caused him to fall, striking his head and neck on the stairs.  About twenty or twenty-five minutes later, Prejeant fell a second time.  He testified that he was alone on the lower deck of the RAZORBACK when water came over the bow of the vessel, hit his shins, and caused him to fall back and hurt his head.

Prejeant brought claims against REC Marine Logistics and REC Boats, the operator and owner of the DARI LYNN, and against Creole Chief and Specialty Marine Services, the operator and owner of the RAZORBACK.  REC Marine Logistics and REC Boats move for summary judgment, contending that the claims against them should be dismissed because DARI LYNN did not cause Prejeant's injuries and

because DARI LYNN did not owe a duty of seaworthiness to Prejean who did not work on the DARI LYNN.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with

3

competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

To establish a cause of action based on negligence, the plaintiff must establish the existence of four elements: (1) the defendant was under a duty to the plaintiff to use due care; (2) the defendant was guilty of a breach of that duty; (3) the plaintiff has suffered damages; and (4) the breach of the duty proximately caused those injuries. Lloyd's Leasing Ltd. v. Conoco, 868 F.2d 1447, 1449 (5th Cir. 1989). Under the general maritime law, a party's negligence is actionable only if it is a "legal cause" of the plaintiff's injuries. See Chavez v. Noble Drilling Corp., 567 F.2d 287, 289 (5th Cir. 1978). "[L]egal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury." Thomas v. Express Boat Co., 759 F.2d 444, 448 (5th Cir. 1985) (citations omitted). The term "substantial factor" means more than "but for the negligence, the harm would not have resulted." Spinks v. Chevron Oil Co., 507 F.2d

216, 223 (5th Cir. 1975); see also Chisholm v. Sabine Towing & Transp. Co., 679 F.2d 60, 63 (5th Cir. 1982). Even where a party's negligence is a legal cause of the injury, a "superseding cause"–a later cause of independent origin for which the original wrongdoer is not responsible–can absolve him of liability.

The petitioners essentially dispute the causation element of the negligence claim. The petitioners contend that: (1) there is no evidence to support Prejeant's claim against them; (2) any alleged negligence on the part of the DARI LYNN was not the legal cause of Prejeant's alleged injuries; and (3) even if the petitioners' alleged negligence with respect to the breakaway caused or contributed to Prejeant's injuries, the RAZORBACK's superseding and intervening negligence relieves the petitioners from any liability. They also contend that they did not owe Prejeant a duty of seaworthiness. This Court finds merit in the last argument only.

The petitioners rely heavily on Prejean's deposition testimony, which they carefully construe in their favor. Regarding his first fall, Prejeant testified that it was caused by "the bump" when the RAZORBACK rammed a barge. He then agreed with the statement that "the DARI LYNN had nothing to do with [his] first fall on the stairs." But the petitioners omit the next exchange in the deposition. The passage in its entirety reads as follows:

> Q. So the record is abundantly clear, the DARI LYNN had nothing to do with your first fall on the stairs,

5

```
correct?
A.  I would have to say yes, correct.
Q.  Thank you.
A.  It's possible.
Q.  Wait a minute.  I know you understand this question,
because you're a smart guy and this is a very simple
question.  Hold on.  I'm asking you, the DARI LYNN, which
you said was up against the west bank of the river or not
in your immediate area, did it have anything to do with
your fall on the steps?  You said "no" and then you say
"possibly."
A.  This is the reason why I'm saying yeah and no.  The
reason why, I don't know if the DARI LYNN was on the
other side of these barges bumping them that way while
this one was bumping it that way.  I have no idea where
the DARI LYNN was.
```

Prejeant's attributing his first fall to the "bump" that he felt when the RAZORBACK rammed into a barge cannot on this record be interpreted on its face to mean that his fall is attributable to nothing more.  The "bump" was the direct and immediate cause of his fall, but this Court cannot find that there is no material dispute as to whether the actions of the DARI LYNN were not also a legal cause.

Regarding his second fall, Prejeant testified as follows:

```
Q.  What caused you to fall, according to your testimony,
is water striking your shins?
A.  A devastating amount of water striking my shins.  The
river, keep in mind, was flowing very, very rapidly,
fast, forceful.  Then it come over that bow and took my
feet from under me.
Q.  Anything else, besides the water, as you say?
. . .
A.  That's the only thing it could have been.
Q.  When you fell the second time, there was no barge
ramming or anything of that nature?
A.  No. . . .
Q.  When you fell this second time on the lower deck of
the RAZORBACK, the DARI LYNN had no involvement in
causing you to fall that second time, did it?
```

6

A.  No.  It was the water.

Again, the petitioners contend that this means that only the water was responsible for the second fall, and that the DARI LYNN played no role in causing the injury.  Prejeant's straightforward explanation and his natural tendency to attribute the fall to the force directly causing him to fall to the ground-the rushing water-does not mean that negligence on the part of the crew of the DARI LYNN was not a substantial cause of his injuries.

The petitioners also ignore the deposition testimony of the captain of the RAZORBACK, Captain Kraly.  Kraly testified as to the role that the captain of the DARI LYNN played in the botched barge transfer and the subsequent allision.  Although the petitioners contend that any actions by Captain Kraly are a superseding cause absolving them of liability, this Court cannot find as a matter of law that Kraly's negligence was unforeseeable or extraordinary.  He may have acted foreseeably in response to the other captain's negligent acts.  Thus, summary judgment as to the negligence claim is inappropriate.  There are material facts in dispute.

### III.

The petitioners also move for summary judgment as to the unseaworthiness claim against them, and the respondents do not oppose.  To the extent that Prejeant brings a separate claim against the petitioners for the unseaworthiness of either the DARI

7

LYNN or the RAZORBACK, this claim is without merit.[1] The petitioners did not employ Prejeant and owed him no duty of seaworthiness.

Accordingly, the motion for summary judgment is DENIED as to the negligence claim and GRANTED as to the unseaworthiness claim.

New Orleans, Louisiana, December 8, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Prejeant repeatedly generally references "negligence and/or unseaworthiness" in his answer, defenses, and claim.